UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>WESTFIELD PLAZA, LLC,<br><br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.:   13-28312<br><br>Chapter: 11<br>Honorable Timothy A. Barnes |

**FINAL ORDER AUTHORIZING DEBTOR TO INCUR POSTPETITION DEBT**

Upon the Motion (the "Motion") of Westfield Plaza, LLC, debtor and debtor in possession, for entry of a final order, authorizing it to obtain postpetition credit through debtor-in-possession financing (the "DIP Loan") and upon review of the DIP Loan Documents,* the Court being satisfied based on the representations made in the Motion and the DIP Loan Documents, that the terms and conditions of the proposed DIP Loan are fair and reasonable and were negotiated in good faith and at arm's length; and it appearing that the relief requested is in the best interest of the Debtor's estate, its creditors, and other parties in interest; and it appearing that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding under 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409; and notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing; it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtor is authorized to obtain postpetition credit under the terms of the DIP Loan Documents; and is expressly authorized and empowered to (i) borrow money, incur secured obligations, and perform its obligations pursuant to the provisions of this Order and (ii) enter into or ratify and confirm such agreements, instruments, and documents as may be necessary or required to evidence its obligations to the DIP Lender, to consummate the terms and provisions of the Motion and this Order, and to evidence perfection of the liens and security interests granted to the DIP Lender pursuant hereto and thereto. In the event of any inconsistency between the terms of this Order and the DIP Loan Documents, this Order shall control; and it is further

ORDERED that the Carve-Out is approved, and the Debtor is authorized to pay a supplemental retainer in the amount of $10,000 to Goldstein & McClintock LLLP at the closing; and it is further

ORDERED that the DIP Lender is hereby granted as security for the repayment of the DIP Loan, pursuant to §§ 363, 364(c)(2), and 364(c)(3) of the Bankruptcy Code, perfected first priority liens on the DIP Collateral; provided, however, that for the avoidance of doubt, the DIP Lender shall not have a lien on the Carve-Out; and it is further

ORDERED that the DIP Lender is hereby granted allowed superpriority administrative expense claims pursuant to Bankruptcy Code section 364(c)(1) for the DIP Loan, having priority over any and all other administrative claims against the Debtor, now existing or hereafter arising, of any kind

whatsoever, including, without limitation, all administrative expenses of the kinds specified in or arising or ordered under Bankruptcy Code sections 105(a), 326, 328, 330, 331, 503(b), 507, 546(c), 726, 1113, and 1114 or otherwise, whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy or attachment, which allowed claims shall be payable from and have recourse to all of the DIP Collateral and all proceeds thereof, subject to the Carve Out; and it is further

ORDERED that all liens and security interests on or in the DIP Collateral granted to the DIP Lender by this Order and the DIP Loan Documents shall be, and they hereby are, deemed duly perfected and recorded under all applicable federal or state or other laws as of the date hereof, and no notice, filing, mortgage recordation, possession, further order, landlord or warehousemen lien waivers or other third party consents or other act, shall be required to effect such perfection; provided, however, that notwithstanding the provisions of § 362 of the Bankruptcy Code, (i) the DIP Lender may, at its sole option, file or record or cause the DIP Loan Documents to obtain any such landlord or warehousemen lien waivers or other third party consents or execute, file or record, at the DIP Lender's expense, any such UCC financing statements, notices of liens and security interests, mortgages and other similar documents as the DIP Lender may reasonably require, and (ii) the DIP Lender may require the Debtor to deliver to the DIP Lender any chattel paper, instruments or securities evidencing or constituting any DIP Collateral, and the Debtor is directed to cooperate and comply with all such reasonable requests; and it is further

ORDERED that the Debtor shall use the proceeds of the DIP Loan to pay the entire indebtedness secured by the Prepetition Note held by Wells Fargo Bank, N.A., in an amount to be agreed to by the parties, and funds shall be distributed to Wells Fargo Bank, N.A., or its agents, immediately upon closing of the DIP Loan.

*Capitalized terms not otherwise defined herein shall have the same meaning as provided in the Motion.

Enter:

Dated: **10 SEP 2013**

United States Bankruptcy Judge

**Prepared by:**
Matthew E. McClintock
GOLDSTEIN & MCCLINTOCK LLLP
208 S. LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2305